# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br><br>Petitioner,<br><br>v.<br><br>BRANDON PRICE,<br><br>Respondent. | Case No. 1:21-cv-01507-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |

Petitioner, who is civilly committed to Coalinga State Hospital, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

On September 30, 2021, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On October 8, 2021, the petition was transferred to this Court. (ECF No. 3). Petitioner appears to challenge an August 15, 2008 Sacramento County Superior Court determination that Petitioner is a "sexually violent predator" ("SVP") within the meaning of California Welfare and Institutions Code § 6600, et seq. (ECF No. 1 at 1, 6).[1]

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1       Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

        Here, it appears that Petitioner may have failed to exhaust the claim that he raises in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

        From the petition, it appears Petitioner has previously filed challenges in the Sacramento County Superior Court, the United States District Court for the Eastern District of California, and the Second, Third, and Ninth Circuits. However, if Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claim. 28 U.S.C. § 2254(b)(1). It is possible that Petitioner presented his claim to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

        Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies.

///

1  Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:  **October 14, 2021**

UNITED STATES MAGISTRATE JUDGE