1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  DEXTER LAWRENCE GRIFFIN,                        Case No. 1:21-cv-01507-SAB-HC

11          Petitioner,                            FINDINGS AND RECOMMENDATION TO
                                                   DENY PETITIONER'S MOTION (ECF No.
12      v.                                         12) AND DISMISS PETITION FOR WRIT
                                                   OF HABEAS CORPUS
13  BRANDON PRICE,
                                                   ORDER DIRECTING CLERK OF COURT
14          Respondent.                            TO RANDOMLY ASSIGN DISTRICT
                                                   JUDGE

15

16      Petitioner, who is civilly committed to Coalinga State Hospital, is proceeding pro se with

17  a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18                                          **I.**

19                                    **BACKGROUND**

20      On September 30, 2021, Petitioner filed the instant petition for writ of habeas corpus in

21  the United States District Court for the Northern District of California. (ECF No. 1). On October

22  8, 2021, the petition was transferred to this Court. (ECF No. 3). Petitioner appears to challenge

23  an August 15, 2008 Sacramento County Superior Court determination that Petitioner is a

24  "sexually violent predator" ("SVP") within the meaning of California Welfare and Institutions

25  Code § 6600, et seq., and his indefinite confinement. (ECF No. 1 at 1, 6).[1]

26      On October 14, 2021, the Court ordered Petitioner to show cause why the petition should

27  not be dismissed for failure to exhaust state court remedies. (ECF No. 7). On November 3, 2021,

28  ───────────────────
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  the Court granted Petitioner an extension of time to file his response to the order to show cause

2  ("OSC"). (ECF No. 9). On November 18, 2021, Petitioner filed a document, which does not

3  inform the Court whether the claims raised in the federal petition were presented to the

4  California Supreme Court but does appear to argue that the petition should not be dismissed as

5  successive or untimely. (ECF 12). On December 20, 2021, Petitioner filed a motion for a second

6  extension of time to file his response to the OSC. (ECF No. 14). On December 21, 2021, the

7  Court denied the motion because Petitioner failed to state with particularity the reason to extend

8  the deadline and ordered that a response be filed within fourteen days. (ECF No. 16). Since the

9  December 21st order, Petitioner has not submitted any filing, and the fourteen-day period for

10  doing so has passed.

11      Accordingly, the Court construes the document filed on November 18, 2021 (ECF No.

12  12) as Petitioner's response to the Court's order to show cause. See Castro v. United States, 540

13  U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better

14  correspondence between the substance of a pro se motion's claim and its underlying legal

15  basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty

16  to construe pro se pleadings and motions liberally).

17                                      **II.**

18                                 **DISCUSSION**

19      Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a

20  habeas petition and allows a district court to dismiss a petition before the respondent is ordered

21  to file a response, if it "plainly appears from the petition and any attached exhibits that the

22  petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

23  Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

24      A petitioner in state custody who is proceeding with a petition for writ of habeas corpus

25  must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

26  on comity to the state court and gives the state court the initial opportunity to correct the state's

27  alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.

28  Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

1   providing the highest state court with a full and fair opportunity to consider each claim before

2   presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

3   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

4          From the petition, it appears Petitioner has previously filed challenges in the Sacramento

5   County Superior Court, the United States District Court for the Eastern District of California, and

6   the Second, Third, and Ninth Circuits. (ECF No. 1 at 2–4). In his response, Petitioner does not

7   inform the Court whether the claims raised in the instant federal petition were presented to the

8   California Supreme Court. Rather, although it is not clear, Petitioner appears to argue that his

9   petition should not be dismissed as successive or untimely and provides copies of trust account

10  statements and various documents from his cases in this Court and the Northern District of

11  California. (ECF No. 12 at 13–42). As it appears Petitioner has not sought relief in the California

12  Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1).

13  Accordingly, the Court finds that Petitioner's claims are unexhausted, the petition should be

14  dismissed, and Petitioner's motion for relief (ECF No. 12) should be denied.

15                                          **III.**

16                              **RECOMMENDATION & ORDER**

17         Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

18     1. The petition for writ of habeas corpus be DISMISSED without prejudice for failure to

19         exhaust state judicial remedies; and

20     2. Petitioner's motion (ECF No. 12) be DENIED.

21         Further, the Clerk of Court is DIRECTED to randomly assign this action to a District

22  Judge.

23         This Findings and Recommendation is submitted to the United States District Court

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

25  of the Local Rules of Practice for the United States District Court, Eastern District of California.

26  Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may

27  file written objections with the Court and serve a copy on all parties. Such a document should be

28  captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

1   District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

2   § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may

3   result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)

4   (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6   IT IS SO ORDERED.

7   Dated:   **February 11, 2022**

    UNITED STATES MAGISTRATE JUDGE