# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN, | Case No. 1:21-cv-01507-DAD-SAB-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR SANCTIONS |
| v. | (ECF No. 20) |
| BRANDON PRICE, | |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition, Petitioner appears to challenge an August 15, 2008 Sacramento County Superior Court determination that Petitioner is a "sexually violent predator" ("SVP") within the meaning of California Welfare and Institutions Code § 6600, et seq., and his indefinite confinement. (ECF No. 1 at 1, 6).[1] On February 14, 2022, the undersigned issued findings and recommendations recommending the petition be dismissed for failure to exhaust state judicial remedies. (ECF No. 19).

On February 28, 2022, Petitioner filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (ECF No. 20). The motion is difficult to decipher. Petitioner appears to seek sanctions for some type of delay and references a separate § 1983 action that was

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

filed in this Court. (Id. at 1). Petitioner "request[s] a further status conference in 60 to 90 days, with a finding of good cause supporting the continuances." (ECF No. 20 at 6).

Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or not warranted by the evidence. Fed. R. Civ. P. 11(c). A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

Here, the Court has not required Respondent to respond to the petition, and Respondent has not made an appearance in this matter. It is unclear against whom Petitioner seeks sanctions, and Petitioner has failed to satisfy his burden to show why sanctions are justified. Accordingly, the Court HEREBY DENIES Petitioner's motion for sanctions.

IT IS SO ORDERED.

Dated: **March 10, 2022**

UNITED STATES MAGISTRATE JUDGE